178        APPELLATE COURTS OF ILLINOIS.

Montegard v. Donk Brothers Coal & Coke Co., 199 Ill. App. 178.

# Ernst Montegard, Appellee, v. Donk Brothers Coal & Coke Company, Appellant.

## (Not to be reported in full.)

Appeal from the Circuit Court of Madison county; the Hon. LOUIS BERNREUTER, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed April 17, 1916.

## Statement of the Case.

Action by Ernst Montegard, plaintiff, against Donk Brothers Coal & Coke Company, defendant, to recover damages for personal injuries sustained while acting as a driver in defendant's coal mine. From a judgment for plaintiff after a trial without a jury for $3,000, defendant appeals.

Plaintiff had worked for defendant four days prior to the time he received the injury. For two days he had worked at day work, the third and fourth day he was driving, receiving the injuries complained of on the morning of the fifth day. Plaintiff was working in what was designated as the fifth west entry off the main south entry. The fifth west, at the time of the injury, was about 1,200 feet in length, and ran east and west. At the east end where it turned off from the main south entry was a "parting" where empty cars for this entry were placed, and where loaded cars from it were delivered by the drivers. Rooms were turned off the fifth west entry, on either side, at regular intervals of 70 feet each, and were numbered in consecutive order, beginning at the east end of the entry. At the west end of this entry were two stub entries in which coal was being mined.

The entry in question was unlighted, and a single mine track was laid therein, from the "parting" at the east to the west and, upon which pit cars were

hauled. Switches were laid from the entry track into the various rooms for the purpose of taking in empties and hauling out loaded cars, but no sidings or turn-outs were provided, so that cars not being moved could be kept off the main entry track. The manner of delivering cars to and from the miners and loaders was to leave the empty stand upon the entry track until the loaded car was pulled from the room and placed on the entry track in the clear of the switch, after which the empty was run onto the switch, and into the room. Cars thus handled were, from time to time, left unguarded and unattended, and no method was adopted by which any light or other signal was displayed so that an approaching driver could ascertain that the track was obstructed.

It also appeared that the fifth west entry had a down grade most of the way to the "parting," and room 14 was at the top of a "hill" which extended downward past room 10.

At the time of the injury, plaintiff and another driver by the name of Godfrey were working in the fifth west, Godfrey working that part of the entry from the parting to room 12, and plaintiff working the remainder of the entry to the west, pulling from the face of the entry, and from the two stub entries. It appears from the evidence that plaintiff did no work of any kind in that part of the entry worked by Godfrey, nor did Godfrey go into the portion worked by plaintiff and pull coal from or deliver empties to that part of the mine.

On the morning of the accident plaintiff went into the entry first, with a trip of three empties, followed by Godfrey who went to rooms 10 and 12. Plaintiff delivered his empties to the west end of the entry, got three loads and started out. At the top of the hill, at room 14, he spragged his cars, and at that point one of his cars was thrown off the track, which delayed him somewhat. He then started down the hill, riding

on the front end of his trip, one foot on the bumper of the front car, the other resting on the tail chain. In front of room 11 his mule swerved to the side, and plaintiff saw an empty car on the entry track, immediately ahead of him, and being unable to stop his trip, he leaped into this car. The empty was struck about the same time by plaintiff's trip of loaded cars, and plaintiff thrown over the front end of the empty, to which he clung until it in turn collided with a loaded car, standing on the entry track in front of room 10. When plaintiff saw the loaded car he attempted to spring clear of it, but did not succeed, and his limbs were caught between the cars, and both broken between the hips and knees.

The evidence did not disclose by whom the cars with which plaintiff collided were placed upon the entry track. The cars were not guarded, and no light or other warning signal was displayed by which plaintiff could ascertain their presence in time to avoid injury before running into them with his trip.

At the trial defendant offered no evidence except a plat of its mine which was not preserved in the record.

KEEFE & SULLIVAN, for appellant.

D. H. MUDGE and C. H. BURTON, for appellee.

MR. JUSTICE McBRIDE delivered the opinion of the court.

### Abstract of the Decision.

1. MASTER AND SERVANT, § 721*—*when relationship of fellow-servants question of fact.* The question of the relation of fellow-servants is ordinarily one of fact and only becomes a question of law when there is no dispute with reference to the facts, and the evidence, with all legitimate inferences to be drawn therefrom, is

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Montegard v. Donk Brothers Coal & Coke Co., 199 Ill. App. 178.

such that all reasonable and intelligent men must reach the same conclusion.

2.  Mines and minerals, § 183*—*when existence of relationship of fellow-servants between mine coal drivers question of fact.* In an action by a mine coal driver for damages for personal injuries alleged to be due to the negligence of another coal driver, where it was undisputed that both coal drivers worked in the same west entry, plaintiff taking loaded cars from the western division of the entry east to the main south entry, and the other driver from the eastern division over the same track, each obtaining empty cars at the main south entry, *held* that the existence of the relationship of fellow-servants was one of fact.

3.  Mines and minerals, § 80*—*when mine owner has constructive notice of obstructions on track of entry in mine.* A mine owner must be deemed to have constructive notice of the existence of an empty, unlighted and unguarded car on the track in the eastern division of a mine entry at the time of the injury to a car driver proceeding from the western division of an east and west entry to a main south entry with loaded cars, where the entry, which was unlighted, was divided into two divisions, the western one of which was in charge of the injured servant as car driver and the eastern in charge of another car driver, and it was the practice for each to take loaded cars to a "parting" at the mouth of the main south entry over the single track and obtain empty ones, and the only method of delivering empty cars to the rooms off the east and west entry where the other driver worked was to bring out the load to the entry track, push it clear of the switch, and then run the empty into the room, and, while these changes were being made, either the loaded car or the empty was obstructing the track of the entry.

4.  Damages, § 123*—*when judgment for fracture of both legs not excessive.* A judgment for $3,000 in favor of a mine car driver for permanent injuries consisting of oblique fractures of both legs, still causing pain at the time of the trial four years after the injury, and decreasing plaintiff's height one inch, *held* not excessive.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.